UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEREK WASKUL, *et al.*,<br><br>                              Plaintiffs,<br><br>                v.<br><br>WASHTENAW COUNTY COMMUNITY MENTAL HEALTH, *et al.*,<br><br>                              Defendants. | No. 2:16-cv-10936-AJT<br>Hon. Arthur J. Tarnow |

## QUALIFIED PROTECTIVE ORDER

On motion from the Plaintiffs, and with no objection asserted, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the regulations promulgated under the Health Insurance Portability and Accountability Act of 1966 ("HIPAA"), specifically 45 C.F.R. § 164.512(e)(1)(i), (e)(1)(ii)(B), and (e)(1)(v), it is hereby **ORDERED** that:

1. **Scope**. This Order applies to all documents and materials produced in the course of this case, including initial disclosures, responses to discovery requests, responses to subpoenas, all deposition testimony and exhibits, and information derived directly therefrom (collectively, "Materials").

2. **Categories of Materials**. Materials fall into one of three categories— those that have been designated "Confidential," those that have been designated "Highly Sensitive," and those that have not been designated as either (Undesignated

Materials). This Order does not place restrictions on the use of Undesignated Materials.

3. **Definition of Confidential Information**. As used in this Order, "Confidential Information" (and its variants, such as "Confidential Materials," "Confidential Documents," etc.) is information that the producing party designates in good faith as having been previously maintained in a confidential manner and that should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. Information that is available to the public is not "Confidential Information."

The following categories of Materials are presumptively Confidential and may be designated as such:

    (a)    Protected Health Information ("PHI"), including but not limited to medical records, treatment, health information, and mental health treatment information as defined in 45 C.F.R. §§ 160.103 and 164.501.

    (b)    "Personal Identifying Information," including the information requiring redaction pursuant to Fed. R. Civ. P. 5.2(a), or any other information the producing party reasonably and in good faith believes is similar in import and/or effect.

(c)   Materials whose disclosure is restricted or prohibited by statute or regulation.

(d)   Previously non-disclosed confidential or proprietary financial or business information (such as business plans, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sales margins, and proprietary formulas or methods) relating to a person or entity other than a Defendant in this action (including for these purposes only the State of Michigan and/or its agencies), it being understood that such information relating to a Defendant is not "Confidential" unless it qualifies as such for some other reason.

(e)   Previously non-disclosed material relating to ownership or control of any non-public company.

4.   **Designation of Confidential Information**. Producing parties (including non-parties to this action producing documents pursuant to subpoena) shall endeavor to make designations of Materials as "Confidential" at the time of production, but the failure to make such designation at that time shall not prejudice the producing party's right to make such designation at a later time, subject to paragraph 6 hereof.

The producing party may designate Materials as Confidential by placing or marking the word "CONFIDENTIAL" (hereinafter the "marking") on the document

and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

5. **Depositions**. Deposition testimony will be deemed Confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript (the earlier of 30 days after receipt of a rough transcript or two weeks after receipt of the final transcript is presumptively reasonable). Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. On request of a witness or a party, made at the deposition in good faith and not simply as a matter of routine, the parties shall treat deposition transcripts as Confidential for two weeks following the date of the deposition to enable the requesting witness or party to make designations.

6. **Late Designations**. A producing party who realizes that Material should have been, but was not, designated as Confidential may make such designation at a later time and supply substituted Material. The receiving parties shall substitute the new Material in their master sets of documents received but shall not be obligated to search for, or mark "Confidential," derivative uses (such as work product fact memos) of the original Material.

7. **No Waiver**. Nothing in this Order will be construed as (a) a waiver of any right to object to any discovery request or subpoena; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any Material.

8. **Protection of Confidential Material.**

    (a) **General Protections**. Confidential Material must be used or disclosed solely for purpose of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation. Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing of such Materials.

    (b) **Who May View Confidential Material.** Except with the prior written consent of the designating party or prior order of the Court, Confidential Material may only be disclosed to the following persons:

    (i) The parties to this litigation, including any employees, agents, and representatives of the parties;

    (ii) Counsel for the parties and employees and agents of counsel;

    (iii) The Court and Court personnel, including any special master appointed by the Court;

(iv)  Court reporters, recorders, and videographers engaged for depositions;

(v)  Any mediator appointed by the Court or jointly selected by the parties;

(vi)  Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement To Be Bound;

(vii)  Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such Confidential Material will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Exhibit A, *provided* that (A) such witnesses will not retain copies of the Confidential Material, and (B) use at trial is subject to the discretion of the Court, even if the witness refuses to certify;

   (viii) the author or persons already in lawful and legitimate possession of the Material (not including a person who received the Material in the course of litigation); and

   (ix) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation.

  (c) **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Materials. Except as set forth in subparagraph (b) above, counsel for the parties shall keep all Confidential Materials within their exclusive possession or control.

9. **Filing of Confidential Material**. In the event a party seeks to make a filing with the Court that reflects Confidential Material, that party must take appropriate action to insure that the Confidential Material receives proper protection from public disclosure, including

  (a) filing a redacted document with the consent of the party who designated the Material as Confidential;

  (b) if redaction cannot be agreed or is otherwise inadequate, filing a motion requesting *in camera* review; and/or

    (c)    seeking permission to file the document under seal pursuant to L.R. 5.3(b)(2) and (3).

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that such filings may be made only with the permission of the Court after proper motion.

    10.  **Challenges to a Confidential Designation**. The designation of any Material as Confidential is subject to challenge by any party. Before filing any motion or objection making such challenge, the objecting party must confer in good faith with the designating party in an effort to resolve the issue without judicial intervention. Any motion making such challenge shall identify the Material being challenged and set forth in detail the basis for the challenge. The burden of proving the necessity of a designation as Confidential remains on the party asserting confidentiality. The Material shall remain Confidential unless and until the Court rules to the Contrary. Unless the Court specifically orders otherwise, an order removing a Confidential designation shall be stayed for 10 days to permit the designating party time to consider appellate options and moving for an extension of the stay in connection therewith.

    11.  **Use of Confidential Material at a Trial or Hearing**. Nothing in this Order shall be construed to affect the use of any Material at any trial or hearing. A party that intends to present, or that anticipates that another party may present,

Confidential Material at a trial or hearing must (subject to paragraph 9 above) bring that issue to the attention of the Court, which may thereafter make appropriate Orders for the handling of such Material at the trial or hearing.

12. **Applicability to Parties Later Joined**. If additional persons or entities become parties to this lawsuit, they must not be given access to Confidential Material until they execute and file with the Court their written acknowledgment that they are subject to this Order.

13. **Order Subject to Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

14. **Obligations on Conclusion of the Litigation**.

   (a) **Order Remains in Effect**. This Order shall survive the conclusion of this litigation and shall remain in effect unless and until modified by the Court on motion with opportunity to be heard by all persons or entities that have provided Confidential Materials.

   (b) **Return of Confidential Documents**. Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all Confidential Material (specifically

including, without limitation, all such Material that is subject to HIPAA), including copies as defined above, must be returned to the producing party unless: (1) the Material has been offered into evidence or filed without restriction as to disclosure, (2) a receiving party certifies to the producing party that the Material, including all copies except as set forth in subparagraph (c) below, has been destroyed.

(c) **Retention of Work Product**. Notwithstanding subparagraph (b) above, counsel for the parties may retain a copy of Confidential Materials as part of counsels' case files. Such Materials will continue to be Confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information, but no attorney shall use Confidential Information in any subsequent or concurrent litigation without first obtaining (a) the consent of the producing party or (b) leave of Court.

15. **Highly Sensitive Materials**. If a producing party reasonably and in good faith believes that disclosure of specific Confidential Material to the parties (as opposed to their attorneys) risks harm to important, identifiable interests of the

producing party or of a non-party, the producing party may designate such material as "Highly Sensitive."

    (a)    Materials designated Highly Sensitive shall be subject to all the provisions of this Order (specifically including the provisions for challenging such designation in paragraph 10 hereof), except that disclosure may not be made pursuant to paragraph 8(b)(i) hereof except in the circumstances described in paragraph 8(b)(vii).

    (b)    Designation as Highly Sensitive shall not be made as a matter of routine but only in the good faith belief that the standard for such designation has been met. The designating party must, upon request, articulate to the receiving party both the interests that would be threatened by mere designation as Confidential and the reasons why the protections afforded by designation as Confidential are not sufficient to protect those interests.

Dated: July 23, 2021        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEREK WASKUL, et al., | NO. 16-cv-10936-AJT |
| Plaintiff, | |
| v. | ACKNOWLEDGMENT OF PROTECTIVE ORDER |
| WASHTENAW COUNTY COMMUNITY MENTAL HEALTH, et al., | |
| Defendant. | |

I, _____, acknowledge that I have read and understand the Qualified Protective Order in this action governing the non-disclosure of Material that has been designated as Confidential. I agree that I will not disclose such Confidential Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all such Confidential Material to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated:_____