UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK WASKUL, et al.,

    Plaintiffs,

v.

    Case No. 16-cv-10936
    Honorable Linda V. Parker

WASHTENAW COUNTY
COMMUNITY MENTAL HEALTH, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT WASHTENAW COUNTY COMMUNITY MENTAL HEALTH'S MOTION FOR AN ADJOURNMENT, LIMITED DISCOVERY, AND AN EVIDENTIARY HEARING

This matter is before the Court on a motion filed by Defendant Washtenaw County Community Mental Health ("WCCMH") seeking limited discovery and to adjourn a December 11, 2024 fairness hearing and convert it to an eventual evidentiary hearing. (ECF No. 381.) Plaintiffs and Defendants Michigan Department of Health and Human Services ("MDHHS") and its Director oppose the motion. (ECF Nos. 387, 388.) WCCMH filed a reply brief. (ECF No. 391.) For the reasons set forth below, WCCMH's motion is denied.

## Background

This lawsuit arises from a modification of the methodology through which funds are allocated to individuals with disabilities receiving community living

1

supports ("CLS") services pursuant to Medicaid Habilitation Support Waivers ("HSW") received by the State of Michigan. The Washtenaw Association for Community Advocacy and four individuals with developmental disabilities who receive CLS services through HSWs filed this lawsuit claiming the modifications violate federal and state law.

MDHHS is the "single state agency" charged with administering the State's Medicaid program. MDHHS contracts with a network of prepaid inpatient health plans ("PIHPs") to manage and provide behavioral health services to Medicaid beneficiaries. Defendant Community Mental Health Partnership of Southeast Michigan ("CMHPSM") is one of those PIHPs, serving Plaintiffs' region. PIHPs, in turn, contract with Community Mental Health Services Programs to provide behavioral health services. CMHPSM contracts with WCCMH for those services in Washtenaw County, where Plaintiffs receive services. Plaintiffs are suing MDHHS and its Director (collectively "State Defendants"), as well as CMPHSM and WCCMH (collectively "Local Defendants"). WCCMH's predecessor made the methodology change which precipitated this lawsuit.

Through extensive mediation, Plaintiffs and the State Defendants reached a settlement agreement, which was executed on December 1, 2023. (*See* ECF No. 300-1.) The settlement agreement contains several contingencies—one being that "CMHPSM executes a contract amendment agreeing to [minimum fee schedules

agreed to by Plaintiffs and the State Defendants]." (ECF No. 300-1 at PageID. 7168 ¶ D.1.b.) However, the settlement agreement provides alternative "non-contractual" mechanisms for achieving the relief set forth therein if this or other contingencies are not met. (*See generally id*.) For example, "[i]f the Minimum Fee Schedule Provisions of th[e] Settlement Agreement do not come into effect" due to a required contingency not being completed, MDHHS is required to make "amendments to the Medicaid Provider Manual that are necessary to reflect the contents of Attachment C to the Settlement Agreement"—referred to as the "costing out" alternative. (*Id*. at PageID. 7171 ¶ E.4.)

On January 2, 2024, Plaintiffs filed a motion seeking the Court's approval of the settlement agreement and a declaration that the Local Defendants are bound by its terms. (ECF No. 310-1.) Plaintiffs filed an amended motion a week later. (ECF No. 316.) The parties have filed extensive briefing—perhaps an understatement—setting forth their respective positions with respect to Plaintiffs' requests.

The State Defendants concur in Plaintiffs' request for the Court's approval of the settlement agreement, but take no position with respect to whether the Local Defendants should be declared bound by its terms. (*See* ECF Nos. 322, 370.) The Local Defendants object to the settlement agreement and requested declaratory

3

relief.  (*See* ECF Nos. 336, 341, 348, 349, 379, 385.)  Plaintiffs have filed reply and supplemental briefs, too.  (*See* ECF Nos. 364, 365, 382.)

In the meantime, the Honorable Paul Borman, to whom this case was assigned when the settlement agreement was reached, recused himself on February 2, 2024.  (ECF No. 327.)  After another judge also recused herself, the matter came to the undersigned on February 4.  (ECF No. 328.)  On May 23, this Court issued an order approving the proposed notice of the fairness hearing and scheduling the hearing for September 23, 2024.  (ECF No. 333.)  On August 23, because an inadvertent error caused certain interested individuals to not receive timely notice of the fairness hearing, a stipulated order was entered adjourning the hearing to December 11.  (ECF No. 373.)

On November 1, WCCMH filed its pending motion.  The premise of the motion is that CMHPSM has refused to sign a new contract with MDHSS.  In fact, several other PIHPs have refused to sign new contracts with MDHSS.[1]  According to WCCMH, this means MDHHS will be required to adhere to the agreement's "costing out" provisions.  WCCMH maintains that the fairness hearing needs to be adjourned because the parties have not addressed this scenario in their briefs and because, according to WCCMH, there are numerous unanswered questions related

---

[1] Since 2014, there have been ten PIHP regions in Michigan.  (*See* ECF No. 387 at PageID. 14874.)  Apparently five of the ten PIHPs recently elected not to sign the fiscal year 2025 contract with MDHHS.  (*See id.*)

4

to this scenario which might not be answered without additional discovery. WCCMH also maintains that further discovery will aid in assessing the Local Defendants' objection to the settlement agreement based on their claim that it benefits Caucasian and economically advantaged Medicaid recipients over minority and economically disadvantaged recipients.

## Analysis

The Court does not find a delay, further discovery, or an evidentiary hearing necessary to reach a decision on whether to grant Plaintiffs' motion to approve the settlement. Nor does it find that WCCMH is entitled to these things.

When deciding whether to incorporate the settlement agreement into a consent decree—which all parties agree is what this Court is being asked to do here—the Court must ensure that the agreement is "fair, adequate, and reasonable, as well as consistent with the public interest." *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 872 (6th Cir. 2015) (citing *United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010)); *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)) (indicating that, before approval, a court must decide whether a consent decree is "fair to those affected, adequate and reasonable").

WCCMH, like all interested individuals and organizations, "is entitled to present evidence and have its objections heard at a hearing on whether to approve [the] consent decree." *Grier*, 262 F.3d at 567 (quoting *Local No. 93, Int'l Ass'n of Firefighters v. Cleveland*, 478 U.S. 501, 529 (1986)) (brackets omitted). But objectors do not have "a broad right . . . to a quasi-trial[.]" *Id.* (citations omitted); *see also id.* (quoting *Edwards v. City of Houston*, 37 F.3d 1097, 1119 (5th Cir. 1994)) ("Neither intervenors nor objectors are entitled to hold consent decrees hostage and require a full-blown trial in lieu of a fairness hearing."). Moreover, the Supreme Court has warned that "it has never been supposed that one party— *whether an original party*, a party that was joined later, or an intervenor—could preclude other parties from settling their own disputes . . . it does not have power to block the decree merely by withholding its consent." *Local No. 93*, 478 U.S. at 528-39 (emphasis added); *see also Grier*, 262 F.3d at 567 (quoting *Local 93*, 478 U.S. at 528-29). A "district court may limit the fairness hearing 'to whatever is necessary to aid it in reaching an informed, just[,] and reasoned decision.'" *Grier*, 262 F.3d at 567 (quoting *United States v. Oregon*, 913 F.2d 576, 582 (9th Cir. 1990)).

WCCMH has been afforded an extensive opportunity over numerous months to brief its objections to the settlement agreement. The agreement contemplates that the listed contingencies might not occur and sets forth alternative "non-

6

contract" mechanisms for achieving the settlement's agreed upon terms, such as the costing-out alternative described in Attachment C.[2]  Yet WCCMH has never raised concerns about the costing-out alternative until now.  WCCMH's current motion thus undoubtedly appears to be an "eleventh-hour" attempt to block the consent decree.[3]

Similarly, WCCMH never claimed until now that more information is needed to assess how the costing-out alternative will work.  Nor does it appear that WCCMH timely requested the data it now claims is needed to support its disparate impact argument.  This is so even though Plaintiffs, back on January 31, invited the Local Defendants to include discovery requests in their oppositions to the motion to approve the settlement.  (*See* ECF No. 326.)  In any event, objectors "are not automatically entitled to discovery or to question and debate every provision of [a] proposed compromise."  *Cahnman v. Sterling Bancorp, Inc.*, No. 22-cv-10124, 2022 WL 19828978, at *1 (E.D. Mich. Aug. 30, 2022) (quoting *In re Gen. Tire &*

---

[2] Because the parties considered the possibility that the contingencies might not happen and built into their agreement terms to address that scenario, the failure of one or more contingencies is not a reason to delay the fairness hearing.  Notably, this is only a potential failure at this point, as time remains in the settlement agreement for MDHSS to carry out the required contract amendments.

[3] The State Defendants' response to WCCMH's motion suggests that WCCMH may not only be trying to block the consent decree but also further the Local Defendants' position in a broader political dispute with MDHHS.  This Court declines to let that broader dispute make the current litigation more complicated than it needs to be.

*Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 n.6 (6th Cir. 1984)); *see also UAW v. Gen. Motors Corp.*, 497 F.3d at 615, 635 (6th Cir. 2007) (quoting *In re Gen. Tire & Rubber*, 726 F.2d at 1084 n.6) ("Objecting class members . . . do not have a vested 'entitlement to discovery.'"). "A district court . . . need grant objectors discovery only if they can make a colorable claim that the settlement should not be approved." *UAW v. Gen. Motors Corp.*, 497 F.3d at 635. The Court does not find that discovery is being requested relevant to a colorable claim.

For these reasons, the Court **DENIES** WCCMH's Motion for An Adjournment, Limited Discovery, and Evidentiary Hearing (ECF No. 381).

**SO ORDERED**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: November 27, 2024