UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK WASKUL, et al.,

        Plaintiffs,

                                      Case No. 16-cv-10936

v.                                Honorable Linda V. Parker

WASHTENAW COUNTY
COMMUNITY MENTAL HEALTH, et al.,

        Defendants.

_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This action was filed by several individuals who participate in Michigan's Community Living Supports ("CLS") program and the Washtenaw Association for Community Advocacy ("WACA"), a non-profit organization that advocates for support services for individuals with intellectual and developmental disabilities. The individual plaintiffs are members of WACA. Plaintiffs claimed that Defendants violated federal and state law, as well as Defendants' contract with one another, by modifying the methodology through which the individual Plaintiffs' CLS budgets are calculated. Defendants currently are the Michigan Department of Health and Human Services ("MDHHS") and its Director (collectively "State Defendants"), as well as Washtenaw County Community Mental Health

("WCCMH") and Community Mental Health Partnership of Southeastern

Michigan ("CMHPSM") (collectively "Local Defendants").

In 2023, Plaintiffs reached a settlement agreement (hereafter "Settlement

Agreement" or "Agreement") with the State Defendants.  Plaintiffs then asked the

Court to approve the Settlement Agreement and issue a declaratory judgment

binding the Local Defendants to the Agreement.  In a decision issued on January

27, 2025, the Court approved the Settlement Agreement but declined to exercise its

discretion to grant a declaratory judgment.  (ECF No. 399.)

The Court concluded "that a judgment will 'not serve a useful purpose in

clarifying and settling the legal relations in issue' or 'terminate and afford relief

from [any] uncertainty, insecurity, [or] controversy[.]'"  (*Id.* at PageID.15237

(quoting *Grand Trunk W. R.R. v. Consol. Rail Corp.*, 746 F.2d 323, 325 (6th Cir.

1984)) (brackets added.)  The Court reasoned:

> This is because there is no actual dispute that, if
> CMHPSM and WCCMH are contractually obligated to
> provide Medicaid services on behalf of MDHHS, they
> are "bound by any 'policies, rules, and regulations' that
> MDHHS issues in compliance with federal and state law
> to fulfill its obligations under the settlement
> agreement." . . . MDHHS is the single-state agency with
> final responsibility to administer and supervise
> Michigan's Medicaid program.  Entities contracting with
> MDHHS to fulfill the State's obligations are required
> under the terms of their contracts and state and federal
> Medicaid law to follow MDHHS' policies, rules, and
> regulations and adhere to its obligations.

2

As WCCMH acknowledges "those affected entities are *always* bound to comply with federal and state law and MDHHS's authority over the Michigan's Medicaid system."  In fact, "*every* PIHP, community mental health services program, and Medicaid provider in Michigan would be bound by them." . . . CMHPSM "fully concurs and adopts by reference" WCCMH's assertions and arguments.

\* \* \*

[*Tenn. Association of Health Maintenance Organizations v. Grier*, 262 F.3d 559 (6th Cir. 2001), and *K.C. ex rel. Africa H. v. Shipman*, 716 F.3d 107 (4th Cir. 2013)] confirm that the law already requires MDHHS' subcontractors to abide by the terms of the Settlement Agreement by following whatever rules, regulations, and policies MDHHS enacts to satisfy those terms.  As such, they also confirm that a declaratory judgment is not necessary to resolve any actual controversy.  In other words, there are no legal relations at issue that require clarification or settlement.

(ECF No. 399 at PageID.15238-39 (internal citations, footnote, and brackets omitted).)

The Local Defendants now seek to dismiss Plaintiffs' claims against them for lack of subject matter jurisdiction, arguing that the claims are moot as a result of Plaintiffs' Settlement Agreement with the State Defendants.[1]  (ECF No. 417.)

---

[1] WACA later moved for an order to show cause why WCCHM should not be held in civil contempt for failing to comply with "costing out" policies MDHHS enacted in accordance with the Settlement Agreement.  (ECF No. 423.) Alternatively, WACA seeks a writ of mandamus under Michigan law compelling WCCMH to comply with the policies.  WACA's motion will be addressed separately.

The motion is fully briefed.  The Court finds that oral argument will not aid in its resolution of the motion.  *See* E.D. Mich. LR 7.1(f)(1).

"Article III conditions the exercise of federal judicial power on the existence of a live, ongoing case or controversy."  *Columbia MHC East, LLC v. Stewart*, 815 F. App'x 887, 890 (6th Cir. 2020) (quoting *Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009)).  A live, ongoing case or controversy must exist "at all stages of review, not merely at the time the complaint is filed."  *Id.* (quoting *Arizonans for Official Eng. Language v. Arizona*, 520 U.S. 43, 67 (1997)).  A "court may not render an advisory opinion; it is confined to 'real and substantial controversies admitting of specific relief through a decree of a conclusive character.'"  *Int'l UAW v. Dana Corp.*, 697 F.2d 718, 720 (6th Cir. 1983) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)) (brackets and ellipsis removed).  "Mootness is a jurisdictional question."  *Id.*; *see also In re Flint Water Cases*, 63 F.4th 486, 497 (6th Cir. 2023) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

"If a case in federal court loses its character as an actual, live controversy at any point during its pendency, it is said to be moot."  *Pettrey*, 584 F.3d at 703 (citing *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009)); *see also Aaron v. O'Connor*, 914 F.3d 1010, 1015 (6th Cir. 2019) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) ("A case is moot when the issues presented are

no longer 'live' or the parties lack a legally cognizable interest in the outcome.").
"'Neither party has a legally cognizable interest in the final determination of the
underlying questions of fact and law' where the alleged violation will likely not
recur and where 'interim relief or events have completely and irrevocably
eradicated the effects of the alleged violation.'" *Columbia MHC East*, 815 F.
App'x at 890 (quoting *Davis*, 440 U.S. at 631). "[T]he test for mootness is
whether the relief sought would, if granted, make a difference to the legal interests
of the parties." *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019)
(quoting *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir.
1997) (en banc)). "[S]ettlement agreements qualify as the types of interim relief or
events that may 'deprive the court of the ability to give meaningful relief' and
render a case moot." *Columbia MHC East*, 815 F. App'x at 890 (citing *Sullivan*,
920 F.3d at 410); *see also Pettrey*, 584 F.3d at 703 (collecting cases) ("Generally
speaking, settlement of a plaintiff's claims moots an action.") (quotation marks and
brackets omitted).

There are two major exceptions to the general rule. First, if live issues in the
case remain. *See Columbia MHC East*, 815 F. App'x at 890 (citing *Dana Corp.*,
697 F.2d at 721); *see also Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981).
"Second, when the situation is 'capable of repetition, yet evading review,' the case
or controversy requirement of Article III is met." *Dana Corp.*, 697 F.3d at 721

(quoting *S. Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)).  Plaintiffs rely

only on the first exception to argue that their claims against the Local Defendants

are not now moot.

However, Plaintiffs obtained the relief sought in this litigation through their

Settlement Agreement with the State Defendants.  The Agreement "completely and

irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631.

There is no relief obtainable through Plaintiffs' unresolved claims against the Local

Defendants which would "make a difference to the legal interests of the parties."

*Sullivan*, 920 F.3d at 410.  Plaintiffs' "either . . . or" scenario does not suggest

otherwise.

Plaintiffs argue that either they are able to prosecute as contempt of court

any failure by the Local Defendants to abide by the terms of the Settlement

Agreement or they cannot.  Plaintiffs acknowledge that, "[i]n the first instance,

[they] have obtained all the relief they have ever sought against the Local

Defendants."[2] (ECF No. 420 at PageID.16688.)  If they cannot, Plaintiffs argue,

---

[2] Plaintiffs maintain that even under the first scenario the action cannot be
dismissed as to the Local Defendants until either the Sunset Day or, if earlier, a
time when the Local Defendants have no further obligations as MDHHS's
Medicaid agents.  (ECF No. 420 at PageID.16688.)  Plaintiffs reason that the
possible need for enforcement at some point remains.  (*Id*.)  However, the issue
relevant to the Local Defendants' motion to dismiss is whether Plaintiffs' *claims*
against them are now moot, not whether the Local Defendants should be
terminated as parties or whether future efforts to enforce their compliance are
precluded.

they "have obtained no relief at all against [the Local Defendants]." (*Id.*)  But that is not correct.

The State Defendants are obligated to comply with the terms of the Settlement Agreement, and Plaintiffs can seek to enforce their compliance in accordance with the Agreement if they fail to do so.  This is so even if MDHHS has delegated its obligations to the Local Defendants.  MDHHS remains the single-state agency with final responsibility to administer and supervise Michigan's Medicaid program.  In other words, even if the State Defendants breach their contractual obligations with MDHSS by failing to follow MDHSS's policies, rules, and regulations, and even if MDHSS lets the Local Defendants "do[] what [they] feel[] like" (ECF No. 420 at PageID.16689), Plaintiffs have a mechanism to enforce the Settlement Agreement and obtain full relief.

Because there is no additional relief available to Plaintiffs through the pursuit of their claims against the Local Defendants, those claims are moot.  *See Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1261-63 (10th Cir. 2022) (concluding that settlement between the plaintiff farmers and a company that sold them genetically modifying corn-seed products, which remedied the plaintiff's alleged economic injury, mooted the plaintiffs' claims against their attorneys which required proof of an injury to business or property); *S-1 v. Spangler*, 832 F.2d 294, 296 (4th Cir. 1987) (finding that parents' claims against city board of education,

state board of education and its chairman were rendered moot by the parents'

settlement with the city board in which the city board agreed to pay the accrued

tuition expenses the parents sought in the action); *Portalatin v. Blatt, Hasenmiller,*

*Leibsker & Moore, LLC*, 900 F.3d 377, 38384 (7th Cir. 2018) (holding that the

plaintiff's settlement with one defendant, which provided her with the full relief

available, mooted her claims against a second defendant); *Hockings v. Carle Clinic*

*Ass'n, P.C.*, Nos. 90-1485, 90-1558, 1992 WL 88951, at *1 (7th Cir. 1992) (holding

that the plaintiffs' action against medical clinic, which conducted physical

examinations ordered by the City, were rendered moot by a settlement between the

plaintiffs, the city, and its chief of police resolving the dispute over the

examination requirement).  Thus, the Court no longer has jurisdiction over those

claims.

  While Plaintiffs' *claims* against the Local Defendants may now be moot, this

does not mean that a live controversy does not remain as to whether the Settlement

Agreement is enforceable against the Local Defendants.  Pursuant to the

Settlement Agreement (*see* ECF No. 400 300-1 at PageID.7141-42), the Court

retained jurisdiction to enforce its terms (ECF No. 400 at PageID.15249 ¶ 4).  As

noted, however, the Court will address WACA's motion claiming that WCCMH is

in contempt of the Settlement Agreement separately.

Nevertheless, for the reasons stated, the Court holds that Plaintiffs' claims against the Local Defendants are moot.  The Court no longer has subject matter jurisdiction over those claims.

Accordingly,

**IT IS ORDERED** that the motion to dismiss for lack of subject matter jurisdiction (ECF No. 417) is **GRANTED** and Plaintiffs' claims against the Local Defendants are **DISMISSED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 4, 2026

9