UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK WASKUL, *et al.*,

      Plaintiffs,

v.

WASHTENAW COUNTY
COMMUNITY MENTAL
HEALTH, *et al.*,

      Defendants.

_____/

Case No. 16-cv-10936
Honorable Linda V. Parker

## ORDER OF REFERRAL TO FACILITATIVE MEDIATION PURSUANT TO EASTERN DISTRICT OF MICHIGAN LOCAL RULE 16.4

This action was filed by several individuals who participate in Michigan's

Community Living Supports ("CLS") program and the Washtenaw Association for

Community Advocacy ("WACA"), a non-profit organization that advocates for

support services for individuals with intellectual and developmental disabilities.

The individual plaintiffs are members of WACA.  Plaintiffs claimed that

Defendants violated federal and state law, as well as Defendants' contracts with

one another, by modifying the methodology through which the individual

Plaintiffs' CLS budgets are calculated.  Defendants are the Michigan Department

of Health and Human Services ("MDHHS") and its Director (collectively "State

Defendants"), and Washtenaw County Community Mental Health and Community

Mental Health Partnership of Southeastern Michigan (collectively "Local Defendants").

On January 17, 2023, the Honorable Paul D. Borman, to whom this case was previously assigned, ordered the parties to facilitative mediation pursuant to Eastern District of Michigan Local Rule 16.4.  The parties chose Retired Judge Phillip J. Shefferly as the facilitator.  Mediation eventually led to a settlement agreement between Plaintiffs and the State Defendants.  The Local Defendants had stopped participating in the facilitation by the time the agreement was reached. Nevertheless, pursuant to their contracts with MDHHS, the Local Defendants are obligated to carry out the terms of the settlement agreement.

A dispute has arisen between Plaintiffs and the Local Defendants with respect to satisfying the requirements of the settlement agreement.  The Court finds that the matter will benefit from facilitative mediation of the current dispute, and any other issues necessary to enforce the settlement agreement.  The parties agree to Judge Shefferly serving again as the facilitator.  Therefore, pursuant to Local Rule 16.4, it is **ORDERED** that this matter is hereby referred to facilitative mediation with Judge Shefferly.  The Court is ordering all parties to participate as MDHHS, as the single state agency responsible for administrating and supervising Michigan's Medicaid program, is ultimately responsible for making sure the terms of the agreement are satisfied.

All parties or individuals with settlement authority are required to attend the facilitative mediation sessions. All parties are directed to attend all scheduled mediation session(s) with their respective counsel of record. Corporate parties must be represented by an agent with authority to negotiate a binding settlement. The Court will provide a copy of this order to the mediator, who will then contact counsel for the parties to schedule a mediation session.

It is further **ORDERED** that the facilitative mediation shall be conducted in the manner and method prescribed by Local Rule 16.4.

It is further **ORDERED** that pursuant to Federal Rule of Evidence 408, all information disclosed during the facilitative mediation session shall remain confidential and shall not be disclosed to any other party or to this Court, without the consent of the parties.

The Mediator shall not be called as a witness nor may the Mediator's records be subpoenaed or used as evidence.

It is further **ORDERED** that within two weeks of completion of the final facilitative mediation session, the Mediator shall file a brief report with the Court stating only who participated in the facilitative mediation session(s)–including whether the parties were present– and whether a resolution was reached. Such post-facilitation report is not to contain any additional information which may

breach the principles of confidentiality and privacy noted herein.  The report should be emailed to Tracy_Young@mied.uscourts.gov.

It is further **ORDERED** that the parties shall pay to the Mediator his administrative fee and hourly rate, which shall be divided equally between the parties.

This referral is not a substitute for further proceedings before this Court, and the above-entitled case will proceed in this Court in the event settlement is not reached.

**IT IS SO ORDERED**.

Date:  July 6, 2026

s/LINDA V. PARKER
UNITED STATES DISTRICT JUDGE